**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Orion Photo Industries, Inc., ) | |
| ) | |
| Plaintiff, ) | No. CV-09-8109-PCT-PGR |
| ) | |
| vs. ) | |
| ) | |
| Heartwood Creation, Inc., et al., ) | ORDER |
| ) | |
| Defendants. ) | |

On July 2, 2010, the plaintiff and defendants Heartwood Creation, Inc.,
Michael Fisher, Joseph Goldberg, and Warren Slabaugh filed a Stipulated Notice
of Settlement (Doc. 88) and a Stipulated Notice of Dismissal With Prejudice (Doc.
89). On July 6, 2010, non-settling defendant/counterclaimant Judy Ewing filed an
Objection to Stipulated Notice of Dismissal With Prejudice and Stipulated Notice
of Settlement (Doc. 90), wherein she noted that a voluntary dismissal without a
court order was improper because she had not signed the settling parties'
stipulations regarding their settlement as required by Fed.R.Civ.P. 41(a)(1)(A)(ii)
(which provides that a plaintiff may voluntarily dismiss an action without a court
order by filing "a stipulation signed by all parties who have appeared.")

In light of Ewing's objection, the Court entered an order on July 6, 2010

(Doc. 91), wherein it construed the settling parties' Stipulated Notice of Dismissal With Prejudice as a motion for voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2) and required the parties to brief the motion. *See* Quad/Graphics, Inc. v. Fass, 724 F.2d 1230, 1233 (7th Cir.1983) ("In the context of a partial settlement, Rule 41(a)(2) is usually the mechanism by which the settling defendants are eliminated from the case.")

In her Opposition to Motion for Voluntary Dismissal (Doc. 93), filed July 16, 2010, Ewing requests that the Court deny the settling parties' motion on the ground that she will suffer legal prejudice if the settling defendants do not remain as parties until the plaintiff's complex trade secret claims against her are resolved since (1) those claims are inextricably entangled with those alleged against defendant Heartwood, which she describes as the "primary defendant" in this action, such that she will not be able to untangle the plaintiff's claims and defend herself adequately without Heartwood's continued involvement, and (2) her rights and liabilities will be seriously prejudiced if Heartwood or any of the other settling defendants have made any admissions as part of their settlement, such as any acknowledgment of any patent or trade secret violations, that the plaintiff may use against her, which she does not know at this time because she has not had access to the settlement documents.

In its reply in support of the voluntary dismissal (Doc. 95), filed July 23, 2010, the plaintiff argues that while the dismissal of the settling defendants may possibly cause Ewing some factual injury or inconvenience, there is no indication that it would cause prejudice to any legal interest, claim or argument of hers as the settling defendants will still be subject to discovery. The plaintiff further states that since the settlement terms are confidential no admission made by the settling

defendants would ever come to light in this action, and avows that, in any case, the settling defendants have made no admissions of any kind as part of the settlement.

In their reply in support of the voluntary dismissal (Doc. 96), filed July 23, 2010, the settling defendants, noting that Ewing's objection to the settlement focuses largely on the plaintiff's tort claims, argue that their continued presence in this action is not necessary to protect Ewing since under Arizona's comparative fault system Ewing can only be held responsible for her own fault, regardless of the settling defendants' fault. They further note that the settlement agreement does not contain a provision that it remain entirely confidential.

Rule 41(a)(2) provides in relevant part that in circumstances in which Rule 41(a)(1)(A)(ii) is not applicable a court may dismiss an action "at the plaintiff's request only by court order, on terms that the court considers proper." The general rule is that a non-settling defendant lacks standing to object to a partial settlement unless the non-settling defendant demonstrates that it will sustain some formal legal prejudice as a result of the settlement. Smith v. Arthur Andersen LLP, 421 F.3d 989, 998 (9th Cir.2005); Waller v. Financial Corp. of America, 828 F.2d 579, 582-83 (9th Cir.1987). Cognizable legal prejudice exists, for example, where a settlement agreement purports to strip the non-settling defendant of a legal claim or cause of action, such as an action for indemnity or contribution, or invalidates the contract rights of the non-settling defendant. Waller, 828 F.2d at 583. A mere showing of a factual injury to the non-settling party is insufficient to provide standing to object to a partial settlement as some disadvantage to the non-settling defendant is bound to occur with such a settlement, Quad/Graphics, Inc. v. Fass, 724 F.2d at 1233; also insufficient to

1  provide standing is a mere showing of the loss of some practical or strategic

2  advantage in litigating the non-settling party's case. In re Integra Realty

3  Resources, Inc., 262 F.3d 1089, 1102 (10th Cir.2001).

4      The Court concludes that Ewing has no standing to object to the settlement

5  because she not made any sufficient showing of any plain legal prejudice to her

6  stemming from the settlement.  Nothing in Ewing's opposition to the settlement

7  persuades the Court that she cannot adequately litigate the plaintiff's claims

8  against her or her own counterclaims if the plaintiff is allowed to settle with the

9  other defendants. The settling defendants will still be subject to Ewing's discovery

10  requests, as will the plaintiff, and she still has an ample opportunity to seek such

11  discovery as the discovery deadline is not until January 3, 2011.  Therefore,

12      IT IS ORDERED that the motion for voluntary dismissal (Doc. 89) is

13  granted and that all of plaintiff Orion Photo Industries, Inc.'s claims against

14  defendants Heartwood Creation, Inc., Michael Fisher, Joseph Goldberg, and

15  Warren Slabaugh and all of these defendants' respective counterclaims against

16  the plaintiff are dismissed with prejudice, with the settling parties bearing their

17  own attorneys' fees and costs.

18      DATED this 26th day of July, 2010.

19

20  _____

     Paul G. Rosenblatt
21     United States District Judge

22

23

24

25

26

- 4 -